IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Betty Marie Vanheemskerck,<br><br>               Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>               Respondents. | No. CV-14-08148-PCT-PGR<br><br>**ORDER** |

      The Court has before it the Report and Recommendation (Doc. 15) of Magistrate Judge Eileen S. Willett, filed on November 24, 2015.  Petitioner has filed an objection to the Report and Recommendation (Doc. 16).  Petitioner does not raise any specific objections to the findings and conclusions set forth in the Report and Recommendation ("R&R").  Instead, Petitioner merely summarizes "evidence" that she contends shows "just cause," and requests a reversal of her conviction (Doc. 16 at 1-7.)  The Court has considered Petitioner's objection and has reviewed de novo the entire record and the findings and conclusions in the R&R.  For the reasons discussed below, the Court will overrule Petitioner's objection and will accept and adopt the R&R.[1]

---

[1] The Court notes that there is a typographical error in the R&R, which the Court corrects through this reference.  The R&R states that "Petitioner has not offered anything to rebut the presumption that the jury *failed to* follow the trial court's instructions." (Doc. 15 at 16 (emphasis added).)  The emphasized language is a typographical error, and the sentence should read "Petitioner has not offered anything to rebut the presumption that the jury followed the trial court's instructions."  With this correction, the Court accepts and adopts the R&R.

A.   Ground Two[2]

In Ground Two, Petitioner claims that her federal constitutional rights to due process and a fair trial were violated when (1) she signed under duress a waiver regarding Officer Osborne's attendance at trial, and (2) her two co-defendants did not appear as trial witnesses.  The R&R concludes that Petitioner failed to fairly present the claim in Ground Two to the Arizona state court and that Petitioner thus failed to exhaust this claim.  (Doc. 15 at 7-10.)   The R&R further concludes that if Petitioner returned to state court on this claim, relief would be precluded in state court by Rule 32 of the Arizona Rules of Criminal Procedure, and that the claim was thus technically exhausted but procedurally defaulted.  (*Id.* at 10.)  The R&R concludes that even if the claim in Ground Two was fairly presented to the state court, dismissal of Ground Two is warranted under the procedural default doctrine, because Petitioner did not timely file a petition for review with the Arizona Court of Appeals and the Arizona Court of Appeals dismissed the petition as untimely under Rule 32.9(c) of the Arizona Rules of Criminal Procedure.  (*Id.* at 10-11.)  Finally, the R&R concludes that Petitioner has offered no reason to excuse the procedural default of Ground Two and that the procedural default is thus not excused.  (*Id.* at 11.)

Petitioner has not raised any specific objection to the R&R's reasoning and conclusions as to Ground Two, and the summary of evidence in and attachments to Petitioner's objection do not demonstrate any error.  This Court, having reviewed de novo whether Ground Two is procedurally defaulted, agrees with and will adopt the reasoning and conclusions set forth in the R&R.

B.   Ground Three

In Ground Three, Petitioner claims that her constitutional rights to due process and a fair trial were violated when the prosecutor engaged in misconduct by

---

[2] Ground One, which cited violations of the Arizona constitution, was properly dismissed because any claim that Petitioner's rights under the Arizona constitution were violated is not cognizable in this federal habeas proceeding.  Similarly, to the extent Grounds Two and Three rely on alleged violations of Arizona law, such claims are not cognizable in this proceeding.

- 2 -

> arguing facts that were not in evidence but that went to the heart of [petitioner's] defense and likely impacted the verdict by saying that [petitioner] was acting in concert with the [co-defendant driver] when [the co-defendant driver] was not at my trial to testify on anything being implied about him to confirm to anything the prosecutor was speculating to the jury. . . .

(Doc. 4 at 8.)

The Arizona Court of Appeals, in addressing this claim, found

> [N]o prosecutorial misconduct, much less misconduct so egregious and persistent that it permeated the entire atmosphere of the trial or deprived Vanheemskerck of a fair trial. First, the argument that a driver transporting more than $5,000 worth of methamphetamine would normally not give rides to strangers was simply an argument relying on common sense. Second, the argument that Vanheemskerck's story did not make sense did not misstate the evidence, but rather was a fair interpretation of the inconsistency in her conduct in accepting a ride from a person she described as a non-English-speaking stranger, in light of her testimony about her plans that day. Finally, the argument that after 9/11 people do not just accept bags from strangers was a fair response to defense counsel's argument that "our instincts are to take something that somebody's giving us."

(Doc 14-1 at 93-94 (citations omitted).)

The R&R concludes that the Arizona Court of Appeals' decision is neither contrary to, nor an unreasonable application of, clearly established federal law; and is not based on an unreasonable determination of the facts. (Doc. 15 at 17.) Petitioner has not raised any specific objection to the R&R's reasoning and conclusion, and the summary of evidence in, and attachments to, Petitioner's objections do not demonstrate any error.

This Court has reviewed the entire record, including the prosecutor's closing remarks (14-3 at 91-112, 130-142), Petitioner's counsel's closing remarks (14-3 at 112-120), and the Arizona Court of Appeals' decision. The Court agrees with and will adopt the R&R's conclusion that the Arizona Court of Appeals' decision is neither contrary to, nor an unreasonable application of, clearly established federal law; and is not based on an unreasonable determination of the facts in light of the evidence. *See* 28 U.S.C. § 2254(d)(1), (2).

IT IS ORDERED that the Magistrate Judge's Report and Recommendation (Doc. 15) is accepted and adopted by the Court.

IT IS FURTHER ORDERED that the petitioner's Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Doc. 4) is Denied and that this action is dismissed with prejudice. The Clerk of the Court shall enter judgment accordingly.

IT IS FURTHER ORDERED that no certificate of appealability shall be issued and that the petitioner is not entitled to appeal in forma pauperis because dismissal of the Petition is justified by a plain procedural bar and reasonable jurists would not find the procedural ruling debatable and because Petitioner has not made a substantial showing of the denial of a constitutional right.

Dated this 14th day of January, 2016.

Paul G. Rosenblatt
United States District Judge